Citation Nr: 1313630 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-08 864 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Whether K.R. was properly removed as the Veteran's dependent spouse effective January 1, 2005. 

2. Whether an overpayment of compensation benefits in the amount of $4,116.00, for removing K.R. as the Veteran's dependent spouse, was properly created.

3. Entitlement to an effective date earlier than March 1, 2009 for the inclusion of S.I. as the Veteran's spouse.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Heneks, Counsel

INTRODUCTION

The Veteran served on active duty from February 1977 to December 2000.

These matters come before the Board of Veterans' Appeals (BVA or Board) on appeal from May 2009 decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

In November 2010, the Veteran presented testimony at a personal hearing before the undersigned who was designated by the Chairman to conduct the hearing pursuant to 38 U.S.C.A. § 7107(c) (West 2002) and who is rendering the determination in this case. A transcript of this personal hearing is in the Veteran's claims folder.

During his hearing, the Veteran testified that his service-connected cognitive disorder and hearing loss have worsened in severity. The issues of entitlement to an increased rating for service-connected anxiety disorder with cognitive difficulties and bilateral hearing loss have been raised by the record, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 


FINDINGS OF FACT

1. A January 2001 rating decision granted service connection for several disabilities, assigning a combined evaluation of 60 percent effective January 1, 2001.

2. The Veteran was notified by a January 2001 letter accompanying the above rating decision that he was receiving additional benefits for his spouse. This letter informed him that he must advise VA of any change in the status of his dependents.

3. The Veteran received a letter advising him of the status of his disability compensation in February 2003. The letter stated that he must inform VA immediately if there is any change in the number or status of his dependents and that failure to tell VA immediately of a dependency change will result in an overpayment which must be repaid.

4. Notice of the Veteran's divorce from K.R., and marriage to S.I., was first received at the RO on February 19, 2009. 

5. The RO terminated additional dependency compensation for a dependent spouse, K.R., effective January 1, 2005. 

6. The RO added additional dependency compensation for a dependent spouse, S.I., effective March 1, 2009.

7. The Veteran improperly received additional monthly dependency compensation payments during the period from January 1, 2005 to March 1, 2009 for K.R. as a dependent spouse; these payments amounted to $4,116.00.

8. The Veteran was at fault for failing to provide timely notice of his divorce from K.R. and remarriage to S.I. 


CONCLUSIONS OF LAW

1. K.R. was properly removed as the Veteran's dependent spouse effective January 1, 2005. 38 U.S.C.A. § 5112(b)(2) (West 2002); 38 C.F.R. § 3.501(d)(2) (2012).

2. The criteria for an effective date earlier than March 1, 2009, for the inclusion of S.I. as the Veteran's dependent spouse, have not been met. 38 U.S.C.A. §§ 1115, 5110(f) (West 2002); 38 C.F.R. §§ 3.31, 3.57, 3.401 (2012). 

3. The overpayment of benefits in the amount of $4,116.00 due to the removal of former spouse K.R. as a dependent, effective January 1, 2005, was validly created. 38 U.S.C.A. §§ 5107, 5112, 7104 (West 2002); 38 C.F.R. §§ 3.102, 3.501 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations state that VA must provide claimants with notice and assistance. 
38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 
38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2012). 

In some cases, however, the VCAA need not be considered because the issue presented is solely one of statutory interpretation and/or the claim is barred as a matter of law. See Smith v. Gober, 14 Vet. App. 227, 231-32 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002), cert. denied, 537 U.S. 821 (2002). See also 38 C.F.R. 
§ 3.159(b)(3)(ii) (stating that VCAA notice not required when, as a matter of law, entitlement to the benefit claimed cannot be established); 38 C.F.R. § 3.159(d)(3) (VA will refrain from or discontinue assistance with regard to a claim requesting a benefit to which the claimant is not entitled as a matter of law). 

Notably, the VCAA is not applicable to claims involving the validity of creations of overpayment or requests for waiver of recovery of overpayments. Lueras v. Principi, 18 Vet. App. 435 (2004); Barger v. Principi, 16 Vet. App. 132 (2002). Additionally, as discussed below, the pertinent facts are not in dispute; instead, resolution of the appeal is wholly dependent on interpretation of the applicable laws and regulations pertaining to effective dates for discontinuance or issuance of additional benefits for a veteran on the basis of a dependent spouse. The VCAA is therefore inapplicable and need not be considered in this case. See Mason v. Principi, 16 Vet. App. 129, 132 (2002); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001); see also VAOPGCPREC 5-2004. 


Law and Analysis

In a Declaration of Status of Dependents (VA Form 21-686c), received in January 2001, the Veteran reported that he had married K.R. in July 1993. In a letter dated in January 2001, the RO notified the Veteran that he was granted service connection for seven disabilities, and that he was being paid additional benefits for his dependent spouse and five children. The Veteran was advised via this letter that he must tell VA immediately if there was any change in the status of his dependents.

In a February 2003 letter, the RO notified the Veteran that additional dependency benefits for his spouse and children were added to his award. The Veteran was informed that he must tell VA immediately if there is any change in the number or status of his dependents; and that failure to tell VA immediately of a dependency change will result in an overpayment which must be repaid.

On February 19, 2009, VA received a VA Form 21-0538, Status of Dependents Questionnaire. In March 2009, VA sent a letter to the Veteran informing him that VA was in receipt of his dependency questionnaire stating that he was currently married to S.I. and that he had been receiving additional benefits as a result of his marriage to K.R. K.R. was removed from his award effective March 1, 2009. The Veteran was asked to provide the date his marriage to K.I. terminated, and to complete VA Form 21-686c if he wished to establish S.I. and his stepson as dependents.

In March 2009, VA received a VA Form 21-686c wherein the Veteran reported that he divorced K.R. on December [redacted], 2004, and married S.I. on July [redacted], 2005. He also listed one dependent stepson. 

In response to a second March 2009 letter asking for additional evidence about the status of his dependents, in May 2009, the Veteran submitted a court document containing K.R.'s sworn statement that she signed a Decree of Dissolution of Marriage on October [redacted], 2004. On that same date, the Veteran submitted a Marriage License reflecting that he married S.I. on July [redacted], 2005. Information from the Oklahoma State Courts Network received in May 2009 reveals that the Veteran and K.R.'s divorce was granted effective December [redacted], 2004.

In a May 2009 letter, the RO advised the Veteran that K.R. had been removed from his compensation award effective January 1, 2005, due to their divorce on December [redacted], 2004. The RO also advised that this adjustment resulted in an overpayment of benefits which had been paid to him, and he would be notified shortly of the exact amount of the overpayment and given information about repayment. The Veteran was also advised that the RO was working on adding S.I. and his stepson to his award, but information was needed on S.I.'s total number of marriages and city and state where her son was born. After providing the requested information, the Veteran was informed in a May 2009 letter that S.I. and his stepson were added to his award effective February 19, 2009, which is the date of receipt of his dependence questionnaire listing S.I. as his current spouse.

The Veteran submitted a September 2009 notice of disagreement (NOD) with the RO's decision "to withhold monies for my failure to keep my depend[e]nt status current."

A December 2009 letter explained how the debt was calculated. Specifically, it was stated that the Veteran was paid additional benefits for K.R. as a dependent from January 1, 2005, the first month following his divorce, to March 1, 2009, when he was not married to her. The RO found that the Veteran should have been paid at the 60% single veteran rate for that period, resulting in an overpayment of $4,116.00. 

An award of additional compensation for dependents, based on the establishment of a rating in the percentage specified by law for that purpose, shall be payable from the effective date of such rating, but only if proof of dependents is received within one year from the date of such rating. 38 U.S.C.A. § 5110(f). 

If an application is incomplete, the claimant will be notified of the evidence necessary to complete the application. If the evidence is not received within one year from the date of such notification, compensation may not be paid by reason of that application. This applies to applications for increased benefits by reason of existence of a dependent. See 38 C.F.R. § 3.109(a). 

The law provides for the rates of disability compensation, and for payment of additional compensation for dependents of veterans who are at least 30 percent disabled. 38 U.S.C.A. §§ 1114(c), 1115, 1134, 1135. During the period relevant to this issue, the Veteran was in receipt of a 60 percent combined evaluation for compensation since January 1, 2001. 

The Veteran does not dispute that he did not notify VA of his divorce from K.R. or marriage to S.I. until 2009. Instead, he contends that he did not realize he was receiving an additional benefit because of being married, only that he received additional benefits as the result of his children. The Veteran asserts that in his correspondence with VA, nothing was brought about regarding his marital status until 2009 when he notified VA of his dependent stepson. The Veteran also claims that VA has not considered the impact of his service-connected cognitive disorder's effects on his reasoning and rationale.

After reviewing the record, the Board concludes that K.R. was properly removed as a dependent spouse on January 1, 2005, and inclusion of S.I. as the Veteran's spouse earlier than March 1, 2009 as a dependent is not warranted in this case. In this regard, the Board notes that although the Veteran had been advised in several letters from the RO dated prior to 2009 that he must notify VA if there were any changes in his dependents, the Veteran did not do so until February 19, 2009. The record shows that although the Veteran divorced K.R. in December 2004 and married S.I. in July 2005, he did not notify VA until February 2009. Thus, the requisite notice was not provided until approximately three and a half years after his marriage to S.I. The Veteran's former spouse, K.R., was properly removed as the Veteran's dependent on December 31, 2004, the last day of the month in which their December [redacted], 2004 divorce occurred, with the reduced rate payable the day following the date of the discontinuance. 38 U.S.C.A. § 5112(b)(2); 38 C.F.R. § 3.501(d)(2). 

Importantly, increased benefits for the Veteran's spouse S.I. could not be made before the first day of the calendar month following the month in which the increased award became effective, in this case, March 1, 2009. 38 U.S.C.A. § 5111(a)(1). The Board emphasizes that if a veteran wants VA compensation for having a dependent there are certain rules that apply in order to obtain this compensation. Adding a dependent to an award of VA benefits is essentially a request for increased compensation, and an increase in disability compensation may be granted from the earliest date on which it is factually ascertainable that an increase in disability occurred if the claim for an increase is received within one year from the date of the marriage. 38 U.S.C.A. § 5110(f), (n); 38 C.F.R. 
§ 3.401(b)(1)(i). As the Veteran failed to inform VA he had divorced and remarried within one year of his marriage, legally, the effective date of the addition of his current spouse, S.I., to his award of VA benefits must be the date notice of the dependent's existence was received by the RO. 38 C.F.R. § 3.401(b)(1)(ii). The fact that the Veteran would have been entitled to additional benefits if had he informed the RO earlier is irrelevant to the issue of the appropriate effective date. The Veteran had a duty to let VA know if he wanted VA compensation for the new dependant, and the record shows that the information necessary to establish entitlement to payments for S.I. as a dependent was not received until February 19, 2009. Accordingly, an effective date earlier than March 1, 2009, for the inclusion of S.I. as a dependent of the Veteran is not in order. 

With regard to the overpayment, the Veteran essentially contends that the overpayment in this case was not validly created. The Veteran testified at the November 2010 Board hearing that he should only be responsible for the debt he incurred for the six or so months when he was not married and did not have a dependent spouse, i.e., from January 2005 to June 2005, essentially arguing that the fact that his spouse was not the same spouse as the one the VA thought was a moot point. 

The preliminary issue of the validity of a debt is a threshold determination that must be made in a benefits overpayment debt collection matter. See Schaper v. Derwinski, 1 Vet. App. 430 (1991). An overpayment is created when VA determines that a beneficiary or payee has received monetary benefits to which he or she is not entitled. See 38 U.S.C.A. § 5302; 38 C.F.R. § 1.911. 

Effective January 1, 2001, the Veteran received compensation benefits related to his combined 60 percent rating for his service-connected disabilities. In a January 2001 VA Form 21-686c, the Veteran identified his dependents as K.R. (spouse) and five children. In the January 2001 award letter, VA informed that Veteran that he was receiving additional benefits for his spouse, K.R., and five children.

As previously stated, although the record reflects that the Veteran divorced K.R. in December 2004 and married S.I. in July 2005, he did not, however, apprise VA of either the divorce or the remarriage until February 2009. Thus, he continued to receive benefits for his dependent spouse, K.R. for approximately three and a half years while he was not married to her. Although he remarried only a few months later, he did not advise VA of this until years after the fact. VA was only made aware of the termination of the Veteran's marriage to K.R. and his remarriage to S.I. after the Veteran provided the VA Form 21-0538 in February 2009.

As the Veteran failed to timely advise VA of his divorce in December 2004, the Board finds that the Veteran was solely at fault in the creation of an overpayment. The Board further finds that the creation of the overpayment cannot be considered to have resulted from VA error. The record reflects the Veteran was advised, in several letters from the RO (i.e., letters dated in January 2001 and February 2003), to immediately report any changes in his dependency status, but there is no record of his having done so prior to February 2009. An overpayment commenced when he was divorced and continued to receive additional compensation for K.R. because he did not timely advise VA. 

In his February 2010 Form 9 and during his hearing, the Veteran appeared to assert that VA should have considered his service-connected cognitive disorder, which contributed to his reasoning and/or confusion as to whether he was responsible for notifying VA of his divorce and remarriage. The Board observes that the Veteran has been service-connected for an anxiety disorder with cognitive difficulties since January 1, 2001 at 30 percent disabling. However, there is no indication in the evidence of record, other than the Veteran's vague assertions, that this disability had any impact on his ability to timely notify VA of his divorce and remarriage. Although the United States Court of Appeals for the Federal Circuit (Federal Circuit) has found equitable tolling may be proper in a case where, because of mental illness, a veteran filed with the Court an untimely Notice of Appeal (NOA) of a Board decision, no legal precedent has applied equitable tolling to timely notifying VA of the status of his dependents. Barrett v. Principi, 363 F.3d 1316, 1321 (Fed. Cir. 2004). Even assuming without deciding that equitability tolling is applicable, the Veteran has not shown that his failure to notify VA was the direct result of his service-connected anxiety disorder with cognitive difficulties, or that such disability rendered him incapable of "rational thought or deliberate decision making," or "incapable of handling [his] own affairs or unable to function [in] society." Barrett, 363 F.3d at 1321. The Federal Circuit noted that a medical diagnosis alone or vague assertions of mental problems would not suffice. Id. There is no evidence of record that the Veteran has been declared incompetent or is otherwise incapable of rational thought or deliberate decision making. Rather, he has merely asserted that his cognitive difficulties may have had an impact on his failure to notify VA of the status of his dependents. Accordingly, the Board concludes that even if applicable, equitable tolling is not warranted here. 

For the reasons set forth above, the Board finds that the overpayment at issue in this case was properly created and is a valid debt. Narron v. West, 13 Vet. App. 223, 227 (1999) (stating that the issue of waiver must be addressed as condition precedent to recoupment of debt by VA). A preponderance of the evidence is therefore against the claim and the benefit sought on appeal is denied. 38 U.S.C.A. § 5107(b) (West 2002). 



ORDER

The Veteran's dependent spouse, K.R. was properly removed from his award effective January 1, 2005. 

An overpayment of VA compensation benefits in the amount of $4,116.00, for removing K.R. as the Veteran's dependent spouse was properly created.

Entitlement to an effective date earlier than March 1, 2009 for additional dependency compensation for a dependent spouse, S.I., is denied. 



____________________________________________
Paul Sorisio
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs